**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CR-15-172-D |
| | ) | (Case No. CIV-22-598-D) |
| LARENZO GABOUREL, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 301], which is accompanied by a supporting brief and evidentiary materials [Doc. No. 302]. At the Court's direction, the government has filed a response [Doc. No. 307]; its position is that the Motion fails to state a claim upon which relief can be granted. Defendant has filed a reply brief [Doc. No. 308], which is considered.   For the reasons that follow, the Court finds that no hearing is needed and the Motion should be denied.[1]

**Factual and Procedural Background**

In August 2015, a grand jury charged Defendant and three others with conspiracy to possess with intent to distribute phencyclidine (PCP) in violation of 21 U.S.C. § 846. Defendant was also charged with one count of possessing with intent to distribute PCP in violation of 21 U.S.C. § 841(a)(1), or aiding and abetting this offense, and one count of

---

[1]   No evidentiary hearing is needed where a defendant's allegations, if proved, would not entitle him to relief.   *See United States v. Herring*, 935 F.3d 1102, 1107 (10th Cir. 2019); 28 U.S.C. § 2255(b).

possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).   The statutory penalty for each of the drug charges was a mandatory minimum prison term of ten years, and the penalty for the firearm offense was a mandatory minimum prison term of five years to be served consecutively to any other term of imprisonment.

Following a *James*[2] hearing and the resolution of pretrial motions, Defendant and one codefendant, Wesley Tavion Grant, proceeded to trial in January 2016. Another codefendant, Paul Thomas, reached a plea agreement and testified for the prosecution. The third codefendant, Alvin Norman, was not arrested before the trial; he later pleaded guilty in November 2016 to a drug distribution charge. At trial, the jury found Defendant and Mr. Grant guilty of all offenses charged against them in the Indictment. In July 2016, the Court imposed Defendant's prison sentence of 180 months, consisting of concurrent 120-month terms as to each drug offense and a consecutive 60-month term as to the firearm offense.   Mr. Grant received a mandatory life sentence based on a criminal history that included two prior felony drug offenses. Both defendants appealed, and their convictions and sentences were affirmed in a single opinion.   *See United States v. Gabourel*, 629 F. App'x 529 (10th Cir. 2017).

The instant § 2255 Motion was filed July 8, 2022.[3]   The filing date falls well after the one-year time limit for a § 2255 motion, measured from the date on which the judgment

---

[2]   *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

[3]   This date is determined by the prison mailbox rule.

became final.   *See* 28 U.S.C. § 2255(f)(1).   Defendant asserts that the Motion is timely

filed under § 2255(f)(4), that is, within one year after he obtained new exculpatory

evidence.   With the Motion, Defendant submits a sworn statement by Mr. Norman dated

January 17, 2022 [Doc. No. 302-1], attesting to Defendant's alleged innocence of all

charges and explaining Defendant's presence at the apartment where PCP was kept and his

association with the codefendants selling PCP.

## Defendant's Motion

The Motion asserts a single claim:   "Petitioner has obtained 'newly discovered

evidence' in support of his factual innocence, in the form of testimony that could not have

been discovered with the exercise of diligence."   *See* Mot. at 4.   In response, the

government challenges the sufficiency of this claim to obtain relief under § 2255, which

provides a remedy when a federal criminal sentence "was imposed in violation of the

Constitution or laws of the United States."   *See* 28 U.S.C. § 2255(a).   The government

asserts that "the Tenth Circuit has [not] recognized a freestanding claim of actual innocence

as a basis for relief under § 2255."   *See* Resp. Br. at 1-2.   Citing Supreme Court and Tenth

Circuit decisions, the government argues that "[b]ecause Mr. Gabourel has failed to raise

a constitutional claim in his habeas petition, and instead raises only the specter of actual

innocence, he has failed to state a valid basis for relief from this Court."   *Id*. at 6.

## Discussion

The allegations on which Defendant seeks to vacate his conviction are:   1) he has

consistently maintained his innocence of the offenses found by the jury, and he and other

defense witnesses so testified at his jury trial; and 2) if Mr. Norman had been available to

testify and had presented testimony consistent with his affidavit to corroborate the defense, this additional evidence would have created reasonable doubt about the government's proof and resulted in Defendant's acquittal of all charges.   Notably, Defendant does not allege that the government was responsible in any way for Mr. Norman's unavailability. Defendant concedes that Mr. Norman "had fled from this prosecution" and "was a fugitive from justice at the time" of Defendant's trial.   *See* Def.'s Supp. Br. at 19; Reply Br. at 3. Defendant also does not allege that his trial counsel could have done anything differently to procure Mr. Norman's testimony or that there was any constitutional flaw in Defendant's jury trial.   Defendant instead asserts what caselaw refers to as a "freestanding" or substantive claim of actual innocence.

This Court is bound by precedential decisions of the Tenth Circuit unless there has been an intervening change in the law.   *See United States v. Doe*, 865 F.3d 1295, 1298-99 (10th Cir. 2017). Tenth Circuit law holds "that actual innocence does not constitute a freestanding basis for habeas relief."   *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019).   This view is based on Supreme Court precedents:

> [T]he Court has never recognized freestanding actual innocence claims as a basis for federal habeas relief.   To the contrary, the Court has repeatedly rejected such claims, noting instead that "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings."

*Id*. (quoting *Herrera v. Collins*, 506 us 390, 400 (1993)). Accordingly, the Tenth Circuit has been steadfast in considering an actual innocence claim only as a procedural "gateway" to reach a substantive claim.   *Id*. at 1130-31.   It has applied these same principles in

§ 2255 cases.   *See, e.g.*, *United States v. Toki*, 822 F. App'x 848, 854 (10th Cir. 2020), *vacated on other grounds sub nom.*, *Maumau v. United States*, 142 S. Ct. 57 (2021).

In this case, Defendant asserts only a freestanding claim of actual innocence, which cannot provide a substantive basis for relief from his convictions. In his arguments, Defendant provides no basis for this Court to deviate from established Tenth Circuit law prohibiting post-conviction relief based solely on newly discovered evidence without any claim that a constitutional violation or defect in his trial occurred.

Defendant points to § 2255 cases in which the Tenth Circuit has considered a claim of actual innocence based on newly discovered evidence.   *See* Reply Br. at 6.   One cited case, *United States v. Cervini*, 379 F.3d 987 (10th Cir. 2004), is not helpful to him. The defendant in that case asserted a claim of actual innocence to overcome a procedural bar to a defaulted claim of constitutional error.   *See id.* at 991-92.   In *Anderson v. United States*, 443 F.2d 1226, 1227 (10th Cir. 1971), the Tenth Circuit remanded a § 2255 proceeding for a district court to consider newly discovered evidence, which had been summarily rejected, of "a true confession by a stranger to the crime."   Although the substantive claim is unclear, it appears that the defendant in *Anderson* was seeking to overcome the untimeliness of a claim under Fed. R. Crim. P. 33 or to bring a second § 2255 motion.   Notably, *Anderson* predates *Schlup v. Delo*, 513 U.S. 298 (1995), and its framework for considering new evidence claims.

Further, the Court is not convinced that Defendant's new evidence regarding potential testimony from Mr. Norman meets the exacting *Schlup* standard. The testimony would provide additional support for a theory of defense that was fully presented at trial

through the testimony of Defendant, another friend (Chris White), and a codefendant (Mr. Grant). The jury heard and apparently rejected Defendant's arguments that he was an innocent bystander to the drug trafficking activities being carried out from the "stash house" where he stayed (at least for a short time), where PCP was being kept and packaged for distribution, and where he was found armed with a handgun, and that the prosecution's witness (Mr. Thomas) was lying about Defendant's involvement. *See Gabourel*, 692 F. App'x at 535-39 (discussing sufficiency of trial evidence to support Defendant's convictions). The statements in Mr. Norman's affidavit merely provide additional support for these same arguments.

A district court's analysis of new evidence "is not limited to such evidence" but "must consider all the evidence, old and new, incriminating and exculpatory,' and thereby base its 'probabilistic determination about what reasonable, properly instructed jurors would do' on the 'total record.'"  *Fontenot v. Crow*, 4 F.4th 982, 1052 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2777 (2022) (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). A petitioner asserting a claim of actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  *House*, 547 U.S. at 537-38 (quoting *Schulp*, 513 U.S. at 327); *see Fontenot*, 4 F.4th at 1030.  In this case, the Court finds that Defendant presents only a speculative argument that a jury which heard Mr. Norman's proposed testimony with the other trial evidence would not have found Defendant guilty of a crime of conviction.

6

**Conclusion**

For these reasons, the Court finds that Defendant is not entitled to § 2255 relief from his convictions based on the allegations presented in his Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 301] is **DENIED**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right."   *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERED** this 3rd day of November, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge